IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN KENNER LYON,<br> #1463298, | § | |
| | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-612-B-BK |
| | § | |
| LORIE DAVIS, DIRECTOR, TDCJ-CID, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Edwin Kenner Lyon's

*pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United

States Magistrate Judge for case management, including findings and a recommended

disposition. As detailed here, the successive habeas petition should be **TRANSFERRED** to the

United States Court of Appeals for the Fifth Circuit.

## I. BACKGROUND

Lyon was convicted of indecency with a child and sentenced to 20 years' imprisonment.

*State v. Lyon*, No. 31647CR (40th District Court Ellis County, 2007), *aff'd*, No. 10-07-00251-

CR, 2008 WL 2133065 (Tex. App.--Waco, 2008, pet. ref'd). Lyon unsuccessfully challenged his

conviction in state and federal habeas proceedings. *Lyon v. Thaler*, No. 3-10-CV-0899-B-BD,

2011 WL 3647910 (N.D. Tex. Jun 3, 2011), R. & R. accepted, 2011 WL 3648088 (N.D. Tex.

Aug. 16, 2011) (denying federal petition on merits), *certificate of appealability denied*, No. 11-

10868 (5th Cir. 2012), *cert. denied*, No. 12-6025 (2012). He later filed a successive Section

2254 petition that the Court transferred to the United States Court of Appeals for the Fifth

Circuit, which, in turn, denied leave to file a successive petition. *Lyon v. Stephens*, No. 3:13-CV-4600-P-BK, 2013 WL 6869002 (N.D. Tex. Dec. 30, 2013), *denying authorization to file*, No. 14-10065 (5th Cir. May 2, 2014). In 2016, the Court of Appeals again denied Lyon's motion for authorization to file a successive application. *In re Lyon*, No. 16-10142 (5th Cir. June 21, 2016).

Here, Lyon once more seeks to challenge his conviction by asserting actual innocence. Doc. 6 at 6-7. He relies on a Waxahachie Police Incident Report, which he claims "was hidden for 5 ½ years." Doc. 6 at 11-16. Nonetheless, he has again failed to obtain prior authorization to file a successive application challenging his conviction from the Fifth Circuit.

## II. ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Because Lyon must obtain such an order before he can file a successive application challenging his conviction, his Section 2254 petition should be transferred to the Fifth Circuit Court of Appeals.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## III.   CONCLUSION

For the foregoing reasons, Lyon's successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on April 15, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).